JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jeremy Pyle

**(b)** County of Residence of First Listed Plaintiff **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert F. Datner, Esquire
The Datner Firm, 340 N Lansdowne Avenue, Lansdowne,
PA 19050. Phone: 610-394-3000

## DEFENDANTS

UPPER CHICHESTER TOWNSHIP, DOMINIC J. VENUTI, ALLEN T. REEVES, III, FRED C. RHODES, JR

County of Residence of First Listed Defendant **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Civil rights, excessive force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   N/A

DOCKET NUMBER   N/A.

DATE
05/03/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 371 Little Elk Creek Road, Lincoln University, PA 19352 _____

Address of Defendant: _____ 8500 Furey Road, Upper Chichester, PA 19014 _____

Place of Accident, Incident or Transaction: _____ 511 Evergreen Lane, Aston, PA 19014 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year     Yes [ ]     No [✓]
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit     Yes [ ]     No [✓]
   pending or within one year previously terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier     Yes [ ]     No [✓]
   numbered case pending or within one year previously terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights     Yes [ ]     No [✓]
   case filed by the same individual?

I certify that, to my knowledge, the within case [ ] is / [✗] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/3/22__     _____(signature)_____     __63086__
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*
                     Must sign here

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [✓] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
      *(Please specify): _____*

**B.** *Diversity Jurisdiction Cases:*

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify): _____*
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
      *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- [ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- [ ] Relief other than monetary damages is sought.

DATE: _____     _____     _____
                         Sign here if applicable
                         *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JEREMY PYLE                                :
371 LITTLE ELK CREEK ROAD                  :
LINCOLN UNIVERSITY, PA 19352               :
                                           :
                                           :
v.                                         :
UPPER CHICHESTER TOWNSHIP                   :
8500 FUREY ROAD                            :
UPPER CHICHESTER, PA 19014                 :
                                           :
                                           :
and                                        :
DOMINIC J. VENUTI                          :
8400 FUREY ROAD                            
UPPER CHICHESTER, PA 19014                 :
and                                        :
ALLEN T. REEVES, III                       :
8400 FUREY ROAD                            :
UPPER CHICHESTER, PA 19014                 :
and                                        :
FRED C. RHODES, JR                         :
8400 FUREY ROAD                            :
UPPER CHICHESTER, PA 19014                 :

_____

## COMPLAINT
### Jurisdiction and Venue

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction over this cause of action is based upon 28 U.S.C. §§ 1331, 1367 and 1343 and the aforementioned statutory provisions thereof.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the events or a substantial part of the events that give rise to Plaintiff's civil rights claims occurred in the Eastern District of Pennsylvania.

**Parties**

3. Plaintiff Jeremy Pyle is an adult individual and resident of Pennsylvania with a residence located at 371 Little Elk Creek Road, Lincoln University, PA 19352. At all times relevant to this action, he was present in Upper Chichester.

4. Defendant Upper Chichester Township is a municipal government unit under the laws of the Commonwealth of Pennsylvania, a "person" under 42 U.S.C. § 1983 et seq., and from its main offices at the Upper Chichester Township Building, 8500 Furey Road, Upper Chichester, PA 19014 owns, operates, manages, directs and controls Upper Chichester Township Police Department, which employed at all times hereto defendants Officers Dominic J. Venuti, A. Reeves and Fred C. Rhodes, Jr.

5. Defendant, Dominic J. Venuti, on information and belief, is a police officer in Upper Chichester Township with the Upper Chichester Police Department and at all times relevant hereto was acting under color of state law. He is being sued in his official and individual capacities. He is believed and therefore averred to be domiciled in Upper Chichester Township, PA, and/or can be served with process at his place of employment, which is the Upper Chichester Township Police Department, located at 8500 Furey Road, Upper Chichester, PA 19014.

6. Defendant, Allen T. Reeves, III, on information and belief, is a police officer in Upper Chichester Township with the Upper Chichester Police Department and at all times relevant hereto was acting under color of state law. He is being sued in his official and

individual capacities. He is believed and therefore averred to be domiciled in Upper Chichester Township, PA, and/or can be served with process at his place of employment, which is the Upper Chichester Township Police Department, located at 8500 Furey Road, Upper Chichester, PA 19014.

7. Defendant, Fred C. Rhodes, Jr., on information and belief, is a police officer in Upper Chichester Township with the Upper Chichester Police Department and at all times relevant hereto was acting under color of state law. He is being sued in his official and individual capacities. He is believed and therefore averred to be domiciled in Upper Chichester Township, PA, and/or can be served with process at his place of employment, which is the Upper Chichester Township Police Department, located at 8500 Furey Road, Upper Chichester, PA 19014.

**Factual Allegations**

8. Averments 1 through 7, *supra,* are incorporated herein as though fully set forth herein at length.

9. On or about May 3, 2020, at approximately 12:30am, plaintiff, Jeremy Pyle was placed under arrest by defendant officers, Venuti, Reeves and Rhodes at 511 Evergreen Lane, Upper Chichester, Delaware County, Pennsylvania 19061.

10. At that time and place, defendant officers were dispatched to the residence at 511 Evergreen Lane to investigate a report of an unconscious male.

11. Upon arrival at the residence, defendant officers observed, plaintiff, outside at the entrance of the residence, in what defendant, Officer Venuti, described as "very disoriented and walking with a staggered gait".

12. An ambulance and emergency medical personnel were present at the aforementioned location prior to and at the time of the defendant officers arrival.

13. Plaintiff, had been a guest at the aforementioned residence prior to the arrival of police and while at the residence used narcotics, which caused him to become intoxicated, lethargic and disoriented.

14. Upon arrival of the defendant officers,Plaintiff  walked to the front door of the residence and re-entered the residence.

15. Defendant Officer Venuti, gave "chase" and followed plaintiff into the residence.

16. Plaintiff continued walking through the home towards a rear screened door adjoining an exterior rear deck.

17. Officer Venuti then pushed plaintiff through the screen door and tackled him onto the deck.  Thereafter, plaintiff was subjected to excessive force employed by the defendant officers, either individually or collectively, which excessive force included acts of striking and kicking plaintiff, pressing a foot into plaintiff's neck while plaintiff lay on

the deck, and tasering plaintiff multiple times. On information and belief, Defendant Officer, Reeves administered the electrocution of plaintiff, by taser.

18. The acts of the defendant officers, either individually or collectively, were not objectively reasonable by any standard, let alone that of a reasonable officer on the scene.

19. Each of the Defendant officers were in the immediate vicinity of Plaintiff, Pyle when the acts were committed, which acts included, striking, kicking, pressing an officer's foot on plaintiff's neck and tasering the plaintiff, but each of them did nothing and said nothing to prevent the same, which was tantamount to wantonly, excessively, and unnecessarily torturing Plaintiff, Pyle.

20. The Defendant Officers, individually and collectively, were not subject to any such serious circumstances at the time of the aforementioned incident and knew that they, as law enforcement officers, had an affirmative duty to intervene, prevent and/or stop the violation of a citizen's civil rights by a fellow officer employing excessive force, such as the acts described herein.

21. Upon information and belief, the Defendant Officers were informed, and fully understood, that their violent acts, including the tasering of plaintiff, would cause or likely cause injury to the plaintiff.

22. After the aforementioned incident,  none of the Defendant Officers provided medical care to Plaintiff nor did they attempt to obtain the services of a medical professional to examine Plaintiff to be sure he had suffered no injuries, or the aggravation of pre-existing medical conditions.

23. Plaintiff, Pyle did not engage in any conduct which could in any way justify any Defendants' violent acts against plaintiff, and said acts were therefore  malicious and violent acts that constituted an unreasonable use of force on the part of Defendant Officers, either individually or collectively.

24. The electrocution of Plaintiff, Pyle's testicles and thighs and groin was an unnecessary injury due to the unnecessary force employed by Defendant Rowan, and/or the failure of the other Defendant Officers on the scene to prevent said electrocution.

25. As a direct and proximate result of Defendants' actions , Plaintiff suffered injury to the muscles, tissues, spine, ligaments, and nerves of his body.  He continues to suffer physical, emotional, and psychological harm, pain, and suffering.

26. The assault against Plaintiff, Pyle, by the defendants, the resulting humiliation, the excessive force used against him, and the failure to intervene were the result of the Defendant Officers' lack of knowledge of any legitimate cause or justification, and were intentional, knowing, reckless, malicious, and in bad faith.

27. The Defendant Officers' conduct, use of excessive force and/or failure to intervene were intentional, knowing, and/or malicious, were calculated to inflict injury to Plaintiff, Pyle, and were not intended to restrain Plaintiff, Pyle or protect Plaintiff, Pyle, themselves, or others from harm.

28. The Defendant Officers conspired to assault Plaintiff, Pyle, and/or to fail to intervene in the unnecessary and outrageous acts committed.

29. The Defendant Officers conspired to inflict harm on Plaintiff, Pyle and deprive him of his constitutional and civil rights.

30. The Defendant Officers were improperly trained and/or supervised by their respective Municipal Defendants and their agents as to when it is appropriate to use a taser, and/or when it is appropriate to interfere with another officer's improper employment of a taser, particularly with regard to the policies, practices, customs and/or procedures articulated in the Upper Chichester Township Police Department Policy & Procedure Manual.

31. The Defendant Officers were improperly trained and/or supervised by their respective Municipal Defendants and their agents as to how it is appropriate to use a taser and employ force, particularly with regard to the policies, practices, customs and/or procedures articulated in the Upper Chichester Township Police Department Policy & Procedure Manual, and the similar policy and procedure manuals of the other Municipal Defendants.

32. The Defendant Officers were improperly trained and/or supervised by their respective Municipal Defendants and their agents as to when it is appropriate to use force, particularly with regard to the policies, practices, customs and/or procedures articulated in the Upper Chichester Township Police Department Policy & Procedure Manual, and the similar policy and procedure manuals of the other Municipal Defendants.

33. The Defendant Officers were improperly trained and/or supervised by their respective Municipal Defendants and their agents as to how to appropriately use force, particularly with regard to the policies, practices, customs and/or procedures articulated in the Upper Chichester Township Police Department Policy & Procedure Manual.

34. The Defendant Officers were improperly trained and/or supervised by their respective Municipal Defendants and their agents as to how to appropriately place someone in custody, like Plaintiff herein, an individual under the influence of narcotics, particularly with regard to the policies, practices, customs and/or procedures articulated in the Upper Chichester Police Department Policy & Procedure Manual.

35. The aforementioned acts and conduct of the Defendants and/or the aforementioned conduct of their employees and agents were a factual cause of the harm and damages sustained by the Plaintiff.

36. The aforementioned acts and conduct of the Defendants and/ or the aforementioned conduct of their employees and agents were a direct and proximate cause of the harm and damages sustained by the Plaintiff.

37. The aforementioned acts and conduct of the Defendants and/or the aforementioned conduct of their employees and agents were a factual cause of and the direct and proximate cause of at least the following harm and damages sustained by Plaintiff:

    a. Injuries, dysfunctions, impairments, serious impairments of the body or bodily functions, and pain and trauma to various parts of the body and psyche, some or all of which are permanent, including:

        i. Physical injuries to the Plaintiff's limbs, muscles, tissues, ligaments, spine, and nerves;

        ii. Emotional injuries, trauma and distress;

        iii. Pain and suffering;

        iv. Emotional distress;

        v. Mental anguish and distress;

        vi. Humiliation and embarrassment; and,

        vii. Other injuries, the full extent of which is not yet known;

    b. Medical expenses of Plaintiff related to or caused by this occurrence from the date of injury to the date of the trial of this case;

    c. Medical expenses of Plaintiff related to or caused by this occurrence that Plaintiff will incur after the trial of this case until Plaintiffs death;

    d.  Pain and suffering that Plaintiff has endured from the date of the injury to the date of the trial of this case;

    e.  Pain and suffering that Plaintiff will endure from the date of the trial until the date of Plaintiffs death;

    f.  Embarrassment and humiliation that Plaintiff has endured from the date of the injury to the date of the trial of this case;

    g.  Embarrassment and humiliation that Plaintiff will endure from the date of the trial of this case until the date of Plaintiff's death;

    h.  Loss of the ability to enjoy the pleasures of life that Plaintiff has endured from the date of the injury to the date of the trial of this case;

    i.  Loss of the ability to enjoy the pleasures of life that Plaintiff will endure from the date of the trial of this case until the date of Plaintiffs death;

    j.  Attorney's Fees;

    k.  Incidental Costs; and

    l.  Loss of Liberty.

38. The Defendant Officers' actions were willful and outrageous in that their motives and conduct as set forth above were malicious, wanton, reckless, oppressive, and so egregious as to shock contemporary conscience.

<strong>COUNT I<br>VIOLATION OF 42 U.S.C. §1983<br><u>PLAINTIFF PYLE v. DEFENDANT OFFICERS</u></strong>

39. Plaintiff, Pyle alleges each and every allegation contained in averments 1 through 39, supra, of this Complaint and incorporates them herein by reference as if the same were set forth at length.

40. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff, Pyle's civil rights, and/or are the consequence of the failure to train and/or supervise appropriately, particularly in light of the prior knowledge of specific incidents involving the comparatively proper and/or improper use of tasers, and/or failing to accordingly train and/or supervise or adjust the behavior of the police officers employed by the Municipal Defendant.

41. Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. § 1983, and have deprived Plaintiff, Pyle of his rights, privileges, and/ or immunities secured by the Constitution and laws of the United States, including his right to bodily integrity and his right to be free from excessive force.

42. Defendants' actions have violated, and unless enjoined will continue to violate, Plaintiff, Pyle's constitutionally protected rights of freedom of speech, substantive and procedural Due Process, and Equal Protection.   Defendants also violated Plaintiff, Pyle's constitutional rights under the 4th, 5, 8th and/or 14th Amendments of the United States Constitution by using excessive force.

43. On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to Plaintiff, Pyle.  Defendants' actions as stated herein denied Plaintiff, Pyle equal protection of the law in violation of the United States Constitution, the 4th Amendment, the 5th Amendment, the 8th Amendment, the Due Process Clause of the 14th Amendment, the Equal Protection Clause of the 14th Amendment, the Substantive Due Process rights of the 14th Amendment, and/or 42 U.S.C. §1983.

44. On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to Plaintiff, Pyle.  Defendants' actions as stated herein denied Plaintiffs due process rights in violation of the United States Constitution, the 4th Amendment, the 5th Amendment, the 8th Amendment, the Due Process Clause of the 14th Amendment, and/or 42 U.S.C. § 1983.

45. Defendants' actions were a factual cause of and/or directly and proximately caused Plaintiff, Pyle's substantial damages and harm, as aforementioned.

**WHEREFORE**, Plaintiff, Jeremy Pyle demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries together with delay damages, interest, costs and attorneys' fees, and punitive damages.

## COUNT II
## MONELL CLAIM UNDER 42 U.S.C. §1983
## PLAINTIFF, PYLE V. MUNICIPAL DEFENDANTS

46. Plaintiff, Pyle alleges each and every allegation contained in paragraphs 1 - 45 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

47. Plaintiff, Pyle believes and therefore avers that the Municipal Defendants have adopted and maintained for many years recognized and accepted policies, customs, and/or practices of condoning and/or acquiescing in denying equal protection of the law, of condoning excessive force, and of subjecting its citizens to the same type of treatment to which Plaintiff, Pyle was subjected. Said policies, customs, and/or practices violate the 4th, 5th, 8th and 14th Amendments of the Constitution of the United States and the laws of the United States and of the Commonwealth of Pennsylvania.

48. Plaintiff, Pyle believes and therefore avers that the Municipal Defendants have adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of systematically failing to properly train, investigate, supervise, and discipline its employees, including the individual Defendant Officers, regarding individuals' rights to equal protection and to be free from excessive force, which policies, customs, and/or practices violate the 4th, 5th, 8th and/or 14th Amendment of the Constitution of the United States and the laws of the United States and of the Commonwealth of Pennsylvania, including but not limited to the failure to properly train and/or supervise the Defendant Officers herein, and all of their respective police officers, concerning:

    a.  The use of reasonable force, excessive force, and unlawful physical assault, including the use of tasers, by members of its police force,

    b.  The proper exercise of police powers and physical violence, including but not limited to the unreasonable use of force and the excessive use of force;

    c.  The Constitution of the United States of America, all amendments thereto and the laws enacted pursuant thereto, including but not limited to the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof, and the limits they impose upon the use of aggressive and coercive physical violence;

    d.  Proper selection, training, and supervision of its agents, servants, workmen, or employees to assure the safety of the public; and,

    e.  Such other acts and/or omissions constituting carelessness, recklessness, and negligence as may become evident during the course of discovery or at the trial of this action.

49. Plaintiff, Pyle believes and therefore avers that the Municipal Defendants have been deliberately indifferent to the rights of citizens to be given equal protection of the law and to not be subjected to excessive force, which deliberate indifference violates Plaintiff, Pyle's rights under the 4th, 5th, 8th and/or 14th Amendments to the Constitution of the

United States and the laws of the United States and of the Commonwealth of
Pennsylvania.

50. Plaintiff, Pyle believes and therefore avers that at all material times the Municipal
Defendants knew or should have known of the above described policies, customs, and/or
practices of their respective police departments, including the Defendant Officers, that
engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury
to citizens like Plaintiff, Pyle, and that they deliberately, knowingly, and intentionally
failed to take measures to stop or limit the policies, customs, and/or practices and
therefore acquiesced in, and were deliberately indifferent to the aforementioned
unconstitutional conduct, policies, customs and/or practices.

51. By failing to take actions to stop or limit the policies, customs, and/or practices, and by
remaining deliberately indifferent to the systematic abuse which occurred in accordance
with, and as a direct and proximate result of, the policies, customs, and/or practices, the
Municipal Defendants condoned, acquiesced in, participated in, and perpetrated the
policies, customs, and/or practices in violation of the Plaintiffs rights under the 4th, 5th,
8th and/or 14th Amendments to the Constitution of the United States and the laws of the
United States and of the Commonwealth of Pennsylvania.

52. Plaintiff, Pyle further claims that his injuries were directly caused by the deliberate
indifference of the Municipal Defendants in failing to provide adequate training and/or

supervision to police departments and officers in the use of force, including the training and/or supervision on proper use of how to appropriately use tasers.

53. Plaintiff, Pyle further claims that his injuries were directly caused by the deliberate indifference of the Municipal Defendants in failing to provide adequate training and/or supervision to police departments and officers in the use of force, including the training and/or supervision on properly interfering with and/or preventing the improper use of a taser by other police officers.

54. Plaintiff, Pyle further claims that his injuries were directly caused by the deliberate indifference of the Municipal Defendants in failing to provide adequate training and/or supervision to police officers in the use of force, including the training and/or supervision on proper use of when to appropriately use tasers.

55. The conduct of the Municipal Defendants and/or the conduct of their employees or agents, including the commanding officer and/or policy maker for each of the Municipal Defendants, were a factual cause of and/or the direct and proximate cause of the substantial damages and harm sustained by Plaintiff, Pyle, as aforementioned.

**WHEREFORE,** Plaintiff, Pyle demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries together with delay damages, interest, costs and attorneys' fees, and punitive damages.

## COUNT III
## EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. §1983
## PLAINTIFF, PYLE V. DEFENDANT OFFICERS

56. Plaintiff, Pyle alleges each and every allegation contained in paragraphs 1 through 56 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

57. Plaintiff, Pyle believes and therefore avers that the force used upon him by Defendant Officers, either individually or collectively, was unnecessary and more force than was reasonable and necessary under the circumstances.

58. In addition, and/or in the alternative, Plaintiff, Pyle believes and therefore avers that the failure of either of the Defendant Officers to prevent and/or interfere with the other defendant Officer or Officers, while those officers violently assaulted plaintiff, was unnecessary and unreasonable under the circumstances, and thereby actually facilitated the illegal and violent acts of those defendants.

59. Plaintiff, Pyle believes and therefore avers that the Defendant Officers, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

60. Defendants actions were a factual cause of and/or directly and proximately caused Plaintiff, Pyle's substantial damages and harm, as aforementioned.

61. The actions and/or inactions of the Defendant Officers, individually and/or collectively, were in clear violation of the 4th, 5th, 8th and/or 14th Amendments to the United States Constitution, and/or 42 U.S.C. §1983, and/or the Pennsylvania Constitution.

**WHEREFORE,** Plaintiff, Pyle demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries together with delay damages, interest, costs and attorneys' fees, and punitive damages.

## COUNT IV
## SUPPLEMENTAL STATE LAW CLAIM FOR ASSAULT AND BATTERY PURSUANT TO THE COMMON LAW OF PENNSYLVANIA
## PLAINTIFF, PYLE V. DEFENDANT OFFICERS

62. Plaintiff, Pyle alleges each and every allegation contained in paragraphs 1 through 61 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

63. Plaintiff, Pyle believes and therefore avers that Defendant officers, either individually or collectively, acting within the course and scope of their authority as police officers, wrongfully and unlawfully assaulted and battered Plaintiff, Pyle, and/or facilitated the same with their intentional failure to intervene, as more particularly described hereinabove.

64. The above described actions of Defendant Officers, either individually or collectively, constitutes a battery because those intentional physical actions, including kicking, and

stricking  Plaintiffs body and/or then electrocuting the Plaintiff by tasering was harmful and/or offensive and gave the Plaintiff reason to fear or expect immediate bodily harm, and, in fact, caused severe immediate bodily harm.

65. Plaintiff, Pyle specifically complains of the conduct of Defendant Officers in menacing, threatening, harassing, and physically abusing him, all of which placed him in fear of imminent bodily harm.

66. The above-described actions of Defendant Officers placed Plaintiff, Pyle in the reasonable fear of imminent bodily harm and resulted in the Plaintiff being unlawfully and improperly assaulted against his will.

67. Defendant Officers actions, either individually or collectively, were malicious, intentional, and/or reckless actions, and/or those of the other Defendant officers, were a factual cause of and/or directly and proximately caused Plaintiffs substantial damages and harm, as aforementioned.

68. The above-described actions of said Defendants, either individually or collectively, were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

69. The actions of said Defendants, either individually or collectively, therefore constitute an

assault and battery under the laws of the Commonwealth of Pennsylvania, and this Court

has supplemental jurisdiction to hear and adjudicate these claims.


**WHEREFORE**, Plaintiff, Jeremy Pyle, demands judgment for compensatory and punitive

damages against Defendants for such sums as would reasonably and properly compensate him

for injuries together with delay damages, interest, costs and attorneys' fees, and punitive

damages.


## COUNT V
## SUPPLEMENTAL STATE LAW CLAIM FOR CIVIL CONSPIRACY
## PURSUANT TO THE COMMON LAW OF PENNSYLVANIA
## PLAINTIFF, PYLE V. DEFENDANT OFFICERS

70. Plaintiff, Pyle alleges each and every allegation contained in paragraphs 1 through 69 of

this Complaint and incorporates them herein by reference as if the same were set forth at

length.


71. Plaintiff, Pyle believes and therefore avers that the Defendant Officers, by and through

their actions and/or inactions, as more fully set forth in the preceding paragraphs of this

Complaint, did intentionally conspire, while acting within the course and scope of their

authority, to unlawfully batter and/or assault Plaintiff, which ultimately caused Plaintiff

substantial damages and harm, as aforementioned.

72. The Defendant Officers' civil conspiracy for their malicious, intentional, and/or reckless actions were a factual cause of and/or directly and proximately caused Plaintiff, Pyle's substantial damages and harm, as aforementioned.

73. The above-described actions of the Defendant Officers were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiffs rights and well-being that the imposition of punitive damages is warranted.

74. The actions of the Defendant Officers therefore constitute civil conspiracy under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

**WHEREFORE,** Plaintiff, Jeremy Pyle, demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries together with delay damages, interest, costs and attorneys' fees, and punitive damages.

Respectfully Submitted,

BY: _____

ROBERT F. DATNER, ESQUIRE
ATTORNEY FOR PLAINTIFF

COMMONWEALTH OF PENNSYLVANIA    :
                                    : ss

COUNTY OF DELAWARE                      :


## V E R I F I C A T I O N


Plaintiff  Jeremy Pyle, verifies the he is the plaintiff in this action and that the statements made in the  foregoing Complaint are true and correct to the best of affiant's knowledge, information and belief.   The undersigned understand that  the  statements  therein  are  made  subject  to penalties18 Pa. C.S. §4904 relating to unsworn falsification to authorities.


DATE:_____04/29/2022_____                      X_____
                                               PLAINTIFF