**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEREMY PYLE,** | **CIVIL ACTION** |
|         **Plaintiff,** | |
| | |
|     **v.** | |
| | |
| **UPPER CHICHESTER TOWNSHIP,** | **NO.  22-1715** |
| **DOMINIC J. VENUTI,** | |
| **ALLEN T. REEVES, III, and** | |
| **FRED C. RHODES, JR.,** | |
|         **Defendants.** | |

## MEMORANDUM

**HODGE, J.**                                                                                    **July 20, 2023**

## I.     INTRODUCTION

Defendants Upper Chichester Township (the "Township") and three police officers employed by the Township—Officers Dominic J. Venuti, Allen T. Reeves, III, and Fred C. Rhodes, Jr. (the "Officer Defendants") (collectively, "Defendants") filed a Motion to Dismiss Plaintiff Jeremy Pyle's Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff, who is represented by counsel, has not filed a response to the motion. For the reasons that follow, the Court grants the Motion to Dismiss with prejudice.

## II.     BACKGROUND

Defendants' request for relief arises under *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) (discussed *infra*), which requires a detailed examination of the factual circumstances surrounding this litigation. Therefore, the Court will set out the facts and procedural history of this action in detail.

A.     **Factual Background**[1]

Plaintiff Jeremy Pyle asserts claims under 42 U.S.C. § 1983 for violations of his constitutional rights, alleging Defendants used excessive force and maintained policies and/or practices that condoned the use of excessive force. Plaintiff also asserts state law claims for assault and battery against Officer Defendants.

Plaintiff alleges that on or about May 3, 2020, at approximately 12:30 a.m., Plaintiff used narcotics at 511 Evergreen Lane—where he was a guest—causing him to become intoxicated, lethargic, and disoriented. (ECF No. 1 at 5–6 ¶¶ 9, 13.) Officer Defendants responded to a report of an unconscious male at that location. (*Id.* at 5 ¶¶ 9–10.) Upon arrival, Defendant Venuti observed that Plaintiff was "very disoriented and walking with a staggered gait." (*Id.* at 6 ¶ 11.)

When Officer Defendants arrived at 511 Evergreen Lane, Plaintiff re-entered the residence, and Defendant Venuti "gave 'chase'" and followed Plaintiff into the house. (*Id.* at 6 ¶¶ 14–15.) Plaintiff alleges that Defendant Venuti pushed Plaintiff through the screen door at the rear of the home and tackled him onto the deck. (*Id.* at 6–7 at ¶ 17.) Plaintiff then alleges that Officer Defendants subjected him to acts of "striking and kicking [P]laintiff, pressing a foot into [P]laintiff's neck while [P]laintiff lay on the deck, and tasering [P]laintiff multiple times." (*Id.*) Plaintiff further alleges that none of the Officer Defendants did or said anything to prevent the other Defendants from engaging in this conduct, even though the Officer Defendants had an affirmative duty to intervene. (*Id.* at 7 ¶¶ 19–20.)

Plaintiff claims that Officer Defendants did not, nor did they attempt to, provide Plaintiff with medical care. (*Id.* at 8 ¶ 22.) As a result, Plaintiff alleges that he suffered injuries "to the muscles, tissues, spine, ligaments, and nerves of his body," and that "[h]e continues to suffer

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

physical, emotional, and psychological harm, pain, and suffering." (*Id.* at 8 ¶ 25; *see also id.* at 11–12 ¶ 37.)

### B.     Procedural History

On May 3, 2022, Plaintiff initiated this action by way of counsel. (*See generally* ECF No. 1.) Soon thereafter, the parties agreed to extend Defendants' deadline to respond to the Complaint from June 24, 2022 to August 23, 2022. (*See* ECF No. 6.) Thereafter, the parties executed a Stipulation of Partial Dismissal, dismissing Count I ("Violation of 42 U.S.C. § 1983") and Count V ("Supplemental State Law Claim for Civil Conspiracy Pursuant to the Common Law of Pennsylvania") of the Complaint and striking certain factual allegations in the Complaint, which was filed on August 9, 2022. (ECF Nos. 13–14.) Defendants filed an Answer to the Complaint with Affirmative Defenses on August 22, 2022. (ECF No. 15.) Since the filing of the Complaint, the parties' stipulations, and Defendants' Answer, Plaintiff has failed to prosecute his case or diligently participate in this litigation.

Specifically, Judge Rufe scheduled a Rule 16 Conference for October 3, 2022, for which counsel was ordered to jointly file a Rule 26(f) report. (*See* ECF No. 17.) In preparation for the Rule 16 Conference and filing the Rule 26(f) report, counsel held a teleconference on August 30, 2022, but Plaintiff's counsel never completed his portions of the Rule 26(f) report. (*See* ECF No. 27 at 4, 22–25.) As such, Defendants unilaterally filed the Rule 26(f) report on September 29, 2022. (ECF No. 18.) Following the Rule 16 Conference, Judge Rufe issued a scheduling order establishing February 3, 2023 as the deadline to complete fact discovery. (ECF No. 19.) Defendants served their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on October 25, 2022 (*See* ECF No. 27 at 27.), but Plaintiff did not serve (and still has not served) his Initial Disclosures pursuant to the same. (*See id.* at 5.) Defendants served Plaintiff with Interrogatories

and Requests for Production of Documents on November 8, 2022 (*See id.* at 5, 29.), yet despite Defendants' numerous attempts to get Plaintiff to comply with his discovery obligations, Plaintiff has still not responded to these requests. (*See id.* at 5, 31, 33–35.)

Similarly, Plaintiff sparsely responded to Defendants' requests to schedule Plaintiff's deposition, and when the parties eventually agreed to schedule Plaintiff's deposition, it was for February 6, 2023, outside of the discovery deadline. (*See id.* at 5–6, 37–40, 42–45.) Further, Plaintiff intimated that he would move for an extension of time to complete discovery; however, Plaintiff never moved for any such extension. (*See id.* at 6, 47–51.) Rather, on February 2, 2023, Defendants received "what *appears to be*" an expert report on behalf of Plaintiff from Dr. Kyunam Kim via letter dated January 18, 2023. (*Id.* at 6 (emphasis in original).) Accordingly, Defendants' contacted Plaintiff and requested his concurrence in a sixty (60) day extension of the case management deadline; Plaintiff, however, never responded. (*See id.* at 6, 47–51.)

On February 13, 2023, Defendants filed a motion for an extension of time to complete discovery. (ECF Nos. 22–24.) Following that request, this Court held a status conference regarding the motion on February 24, 2023. (*See generally* ECF No. 25.) During this conference, Plaintiff explained to the Court and Defendants for the first time that "Plaintiff's dilatoriness was a consequence of a lapse in communication between Plaintiff and Plaintiff's counsel due to Plaintiff's on-and-off admission to rehab centers." (ECF No. 27 at 6–7.) In light of that representation, this Court communicated its understanding of the difficulties of Plaintiff and his counsel but also relayed the Court's expectation that deadlines could not be missed without communication with the Court and opposing counsel. This Court granted the motion and extended the discovery deadline to April 28, 2023. (ECF No. 25.)

Following the February 24, 2023 status conference, Plaintiff still has not produced his required initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) or discovery responses, and Plaintiff has also failed to appear for a deposition. (*See* ECF No. 27 at 7.) Further, Plaintiff has not engaged in any discovery of his own (other than the supposed expert report), including no written discovery, no depositions, and no third-party discovery. (*See id.*) In addition, Plaintiff and his counsel have not provided additional or supplementary explanation for the failure to participate in this litigation and comply with his discovery obligations other than the statements at the February 24, 2023 conference. (*See id.* at 7–8.)

On April 26, 2023, Defendants filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*See generally id.*) Plaintiff did not respond to that motion to dismiss.[2]

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action when the plaintiff fails "to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). In determining whether to dismiss an action for failure to prosecute, the Court typically evaluates the following six (6) factors set forth by *Poulis v. State Farm Fire & Casualty Co.*, 747

---

[2] The Court's Local Rules authorize this Court to grant a motion as uncontested when no timely response has been filed. *See* E.D. Pa. R. 7.1(c) ("In the absence of [a] timely response, the motion may be granted as uncontested . . ."). Defendants served Plaintiff, through his counsel, with the instant motion on April 26, 2023 (ECF No. 27 at 52.), and Plaintiff failed to respond within the mandated fourteen (14) day window. The Third Circuit, however, has instructed district courts to avoid utilizing local rules to impose "a sanction for failure to prosecute or defend." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). In *Stackhouse*, the court held that a 12(b)(6) motion to dismiss should not be granted solely on grounds that the plaintiff failed to respond to the motion within the time established by the local rule; instead, the district court should conduct the 12(b)(6) analysis using the complaint. *Id.* Even though Plaintiff is represented by counsel, this Court finds this guidance particularly apt and will conduct the full analysis considering the *Poulis* factors because a motion to dismiss for failure to prosecute is a decision on the merits granted with prejudice.

F.2d 863 (3d Cir.1984): "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (quoting *Poulis*, 747 F.2d at 868). *Poulis* contemplates a balancing test, and as such, not every factor needs to be satisfied to warrant dismissal. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003) (citing *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988)).[3]

## IV. DISCUSSION

The first *Poulis* factor—the extent of the party's personal responsibility—weighs in favor of dismissal. This Court has held that "a plaintiff must bear the responsibility of pursuing his claim and at a minimum he must be willing to participate in the discovery process." *Richardson v. Cox*, No. 91-7830, 1993 U.S. Dist. LEXIS 16492, at *7–8 (E.D. Pa. Nov. 17, 1993) (citing *Long v. Beese*, No. 90-1881, 1991 U.S. Dist. LEXIS 8257, at *4 (E.D. Pa. June 14, 1991)). Although Plaintiff is represented by counsel, Plaintiff bears some personal responsibility for the failure to prosecute his case. At the Court's February 24, 2023 status conference, Plaintiff's counsel explained to the Court and Defendants for the first time that "Plaintiff's dilatoriness was a consequence of a lapse in communication between Plaintiff and Plaintiff's counsel due to Plaintiff's on-and-off admission to rehab centers." (ECF No. 27 at 6–7.) Plaintiff and his counsel have not communicated any additional information to the Court or Defendants since this status

---

[3] However, in a non-precedential per curiam opinion, the Third Circuit recognized that "[w]here [] a plaintiff refuses to proceed with his case or otherwise makes adjudication of his case impossible, a balancing of the *Poulis* factors is not necessary." *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (first citing *Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir.1994); then citing *Guyer v. Beard*, 907 F.2d 1424, 1429–30 (3d Cir. 1990)).

conference, despite being ordered to do so. Thus, absent information to the contrary, it appears that Plaintiff has not been in contact with his attorney, a fault for which Plaintiff alone bears responsibility. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

The second factor—prejudice to Defendants—also weighs in favor of dismissal. "[P]rejudice is not limited to irremediable or irreparable harm . . . It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy . . . Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to expend costs to obtain court orders for compliance." *Briscoe*, 538 F.3d at 259 (internal citations and quotations omitted). *See also Ware*, 322 F.3d at 222. Here, Plaintiff has not provided his required initial disclosures under Fed. R. Civ. P. 26(a)(1) or any discovery responses to Defendants. Nor have Defendants been able to depose Plaintiff. The Court finds that Plaintiff's failure to participate in discovery or communicate with Defendants and/or the Court has frustrated and delayed resolution of this matter. Further, Plaintiff's failure to participate or communicate hinders Defendants' ability to have any concrete sense of Plaintiff's witnesses, evidence, or potential damages, which impedes Defendants' ability to prepare effectively a full and complete trial strategy. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

The third factor—a history of dilatoriness—also weighs in favor of dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Brisco*, 538 F.3d at 260 (internal citations and quotations omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29

F.3d 863, 875 (3d Cir. 1994). Here, Plaintiff has a history of delaying this lawsuit. Despite an order from Judge Rufe to complete discovery by February 3, 2023 (*See* ECF No. 19.), Plaintiff did not respond to Defendants' discovery, Plaintiff did not make himself available for a deposition, and Plaintiff did not conduct any discovery of his own. Following a status conference with the parties, this Court granted an extension to complete discovery by April 28, 2023 and admonished Plaintiff for his lack of participation and communication, yet Plaintiff continued to delay this litigation with his non-participation. Also, Plaintiff has not communicated with the Court or Defendants since the status conference. Most recently, Plaintiff failed to file briefs in opposition to Defendants' Motion to Dismiss, which pursuant to the Local Rules were due May 10, 2023. Accordingly, Plaintiff's actions demonstrate a history of dilatoriness that weighs in favor of dismissal.

The fourth factor—whether Plaintiff's or his counsel's conduct was willful or in bad faith—weighs in favor of dismissal. Plaintiff has acted willfully, and presumptively in bad faith, by repeatedly disregarding his obligation to participate in discovery. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Brisco*, 538 F.3d at 262 (internal citation and quotations omitted). "Willfulness" generally involves intentional or self-serving behavior. *Id.* Willfulness or bad faith conduct has been found where the plaintiff consistently fails to participate in discovery and ignores deadlines and orders. *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (plaintiff refused to answer interrogatories and broke commitments to the court for a 17-month period); *Curtis T. Bedwell & Sons, Inc.*, 843 F.2d 683, 695 (3d Cir. 1988) (plaintiff failed to comply with court orders and discovery requests); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (failure to comply with court orders and "dragging the case out" was willful conduct). Since the status conference, Plaintiff's dilatory conduct has only worsened. Plaintiff has offered no new

explanation for his failure to participate in this matter, and now, Plaintiff leaves this Motion unanswered. At this point in the litigation, the Court can only conclude that Plaintiff has abandoned his suit but has not bothered to formally dismiss it himself. Accordingly, the Court finds that the fourth *Poulis* factor weighs in favor of dismissal.

The fifth factor—the effectiveness of sanctions other than dismissal—weighs in favor of dismissal. The Court agrees with Defendants that alternative sanctions are unlikely to prove effective. *See Abulkhair*, 467 F. App'x at 153 (dismissal is appropriate where the plaintiff has refused to proceed with his case or otherwise has made adjudication impossible). Here, Plaintiff has not even attempted to explain or excuse his conduct or seek additional time to participate in the lawsuit that he filed and has forced Defendants to expend time, money and effort defending. Also, Plaintiff has ignored the Court's admonitions during the status conference, where the Court made clear its expectation that Plaintiff communicate with the Court and Defendants. Further without any response, rationale, or minimal participation by Plaintiff in this action, the Court can only speculate as to the basis for Plaintiff's seeming abandonment of this Complaint. The Court will not engage in speculation. The Court believes that there is sufficient information contained in the record to support the reasonable conclusion that no alternative sanction would spur Plaintiff into taking a more active role in this lawsuit. Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

Finally, the sixth *Poulis* factor—the meritoriousness of the claim—is the only factor that weighs against dismissal. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . ." *Poulis*, 747 F.2d at 869–70. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at

263 (*citing* Poulis, 747 F.2d at 869–70). Plaintiff's remaining claims are a *Monell* claim against the Township, an excessive force claim against Officer Defendants, and state law claims for assault and battery against Officer Defendants. If Plaintiff could establish the facts alleged in his Complaint as outlined above, then there is the possibility that some of Plaintiff's claims are viable. As such, this factor weighs against dismissal.

Here, five out of six of the *Poulis* factors call for dismissal of the Complaint with prejudice. The sixth weighs, slightly, against dismissal. The final *Poulis* analysis is a balancing of all six factors. 747 F.2d at 870. No single factor is dispositive, and not all six factors need to favor dismissal for the sanction to apply. *See Briscoe*, 538 F.3d at 263. The balancing in this case yields the conclusion that dismissal with prejudice is warranted.

Although it is possible that, had Plaintiff proceeded in proper fashion, he could have established certain claims against Defendants, the record makes clear that Plaintiff has been afforded considerable time to help move his case forward and has elected not to do so. Defendants have borne the uncertainty and expense of facing litigation for over a year and know little more about the suit or their possible liabilities than they did at the outset. It would seem unjust to deny them repose. Accordingly, the Court will dismiss the Complaint against Defendants with prejudice.

## V.    CONCLUSION

For the reasons stated above, the motion of Defendants Upper Chichester Township and Officers Dominic J. Venuti, Allen T. Reeves, III, and Fred C. Rhodes, Jr. to dismiss Plaintiff's Complaint with prejudice will be granted. An appropriate order follows.

**BY THE COURT:**

/s/ Hon. Kelley B. Hodge

_____

**HODGE, KELLEY B., J.**